UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL VIRDELL,<br>Plaintiff,<br>v.<br>KYLE JOHNNSON., *et al.*,<br>Defendants. | Case No. 2:26-cv-0577-TLN-JDP<br><br>ORDER |

Plaintiff Paul Virdell brings this action against Calaveras County Sheriff's Department and its deputies Kyle Johnson, Johnny Ruiz, and Austin Corsaletti. Plaintiff alleges that defendants violated his constitutional rights in effectuating his arrest. Defendants separately move to dismiss the complaint. ECF Nos. 10, 11, 12, & 13. For the reasons stated below, defendants' motions are granted, and the complaint is dismissed with leave to amend.

**Background**

On March 1, 2024, plaintiff "was lawfully present at the Bret Harte pool parking area in Angels Camp, CA." ECF No. 1 at 5. Plaintiff alleges that defendants "detained [him] without reasonable suspicion or probable cause, conducted a warrantless search, and arrested [him] without lawful jurisdiction." *Id.* at 7. As to each defendant, plaintiff alleges the following: Johnson "initiated and carried out the unlawful detention and arrest of [him] despite the absence of probable cause"; Ruiz "actively participated in the detention" and search of plaintiff; Corsaletti

"assisted in the arrest, custody process and actions leading to [his] incarceration and the impoundment of [his] vehicle and trailer"; and Calaveras County Sheriff's Department "is liable because the constitutional violations were caused by official policies, failures in training, supervision, investigation, and discipline." *Id*. at 7-8. As a result of defendants' actions, plaintiff pleads that he lost his vehicle and trailer, and that he has suffered emotional distress and deprivation of liberty. *Id*. at 6. Plaintiff brings a single claim under 42 U.S.C. § 1983 for violation of his Fourth and Fourteenth Amendment rights. *Id*. at 4.

**Procedural History**

Plaintiff initiated this action in February 2026. ECF No. 1. The court granted his motion to proceed *in forma pauperis* and directed service. ECF No. 3. On August 3, 2026, each defendant separately moved to dismiss the complaint. ECF Nos. 10, 11, 12, & 13. Plaintiff was required to file an opposition or statement of non-opposition by August 17, 2026. *See* E.D. Cal. L.R. 230(c). Plaintiff did not comply with that requirement. On September 1, 2026, plaintiff filed a combined opposition to the motions to dismiss. ECF No. 21. Because plaintiff is proceeding pro se, the court has considered his untimely opposition. Each defendant has filed a timely reply. ECF Nos. 22, 23, 24, & 25.

**Legal Standard**

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible." *Id.* at 683. Ultimately, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, a liberal interpretation of a complaint "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**Discussion**

The court addresses the motions brought by deputies Johnson, Ruiz, and Corsaletti ("the deputies") before considering the motion brought by Calaveras County Sheriff's Department ("the department").

**A. The Deputies**

The deputies separately argue that plaintiff's section 1983 claim should be dismissed because (1) it is insufficiently pleaded, and (2) it is barred by the doctrine of qualified immunity. ECF No. 10-1 at 4-7; ECF No. 11-1 at 4-5; ECF No. 12-1 at 2-4. Plaintiff opposes each basis for dismissal. ECF No. 21 at 6-9.

First, the complaint lacks sufficient factual allegations to state a claim for deprivation of plaintiff's constitutional rights. As noted, plaintiff alleges that defendants "detained [him] without reasonable suspicion or probable cause, conducted a warrantless search, and arrested [him] without lawful jurisdiction." ECF No. 1 at 7. These are legal conclusions, which the court is not bound to accept as true. *See Iqbal*, 556 U.S. at 678. The complaint further sets forth conclusory allegations, including that Johnson "initiated and carried out the unlawful detention and arrest of [him] despite the absence of probable cause." *See* ECF No. 1 at 7. Plaintiff alleges that "body-worn camera footage, dispatch recordings and CAD records contain evidence contradicting defendants['] stated justification for the arrest and seizure." *Id*. However, plaintiff does not plead what defendants' stated justification was, much less what he was doing at the parking area, why defendants approached him, and why defendants' stated justification is erroneous. For these reasons, the complaint must be dismissed as to the deputies.[1]

Second, plaintiff's section 1983 claim, as pleaded, is barred by the doctrine of qualified immunity. This doctrine "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To determine whether an officer is entitled to qualified immunity, the court asks, in the order it chooses, (1) whether the alleged misconduct violated a constitutional right; and (2) whether the right was clearly established at the time of the alleged misconduct. *See Hernandez v. City of San Jose*, 897 F.3d 1125, 1132 (9th Cir. 2018).

[1] Plaintiff points out that the court previously held that, for screening purposes, the allegations were sufficient to state a claim. ECF No. 21 at 4 (citing ECF No. 3 at 2). However, as plaintiff acknowledges, "a screening order does not prevent a defendant from later filing a motion under Fed. R. Civ. P. 12(b)(6)." *See id.*; *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007) (finding that, based on appellate case law, "the sua sponte screening and dismissal procedure is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring"). Additionally, when the court previously screened the complaint, it did not have the benefit of defendants' briefing that identifies particular deficiencies.

Qualified immunity exists to shield an officer from liability for "mere mistakes in judgment, whether the mistake is one of fact or one of law." *Butz v. Economou*, 438 U.S. 478, 507 (1978). To determine whether the law was clearly established, courts do not "require a case directly on point," but existing precedent must have placed the "constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). When this test is properly applied, it protects "all but the plainly incompetent or those who knowingly violate the law." *Id.* at 743.

Here, the deputies are protected by qualified immunity because, as established above, plaintiff fails to show that the alleged misconduct violated his constitutional rights. *See Hernandez*, 897 F.3d at 1132. However, even if plaintiff plausibly alleged that defendants violated his constitutional right, defendants would still be shielded by qualified immunity because plaintiff does not plead that such a right was clearly established at the time of the alleged misconduct. *See id*. Plaintiff alleges that "Johnson initiated and carried out the unlawful detention and arrest of [him] despite the absence of probable cause." ECF No. 1 at 7. Even if plaintiff showed that Johnson violated his constitutional right, plaintiff fails to demonstrate that the right was clearly established at the time of the alleged misconduct. *See Hernandez*, 897 F.3d at 1132. Similarly, plaintiff alleges that "Ruiz actively participated in the detention" and search of plaintiff, but he does not show that any constitutional right was clearly established before Ruiz allegedly violated it. *See* ECF No. 1 at 7. Lastly, plaintiff pleads that "Corsaletti assisted in the arrest, custody process and actions leading to [his] incarceration and the impoundment of [his] vehicle and trailer." *Id*. As with the other allegations, plaintiff fails to show that Corsaletti violated a clearly established right. The deputies are shielded by qualified immunity, and thus the complaint must be independently dismissed on this basis.

Accordingly, the deputies' motions to dismiss, ECF Nos. 10, 11, and 12, are granted. The court finds leave to amend appropriate because plaintiff is proceeding pro se and has not been previously notified of any pleading deficiency.

**B. The Department**

The department moves to dismiss the complaint on the basis that plaintiff fails to plead a *Monell* claim. ECF No. 13-1 at 4-8. A municipality cannot be held liable under section 1983 for

the acts of its employees on a *respondeat superior* theory. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Rather, vicarious liability attaches to a municipality only when the municipality itself causes the constitutional violation at issue. *See id.* at 694. To state a claim under section 1983 against a public entity, a plaintiff must allege a constitutional injury resulting from a "policy, practice or custom of the local entity." *Avalos v. Baca*, 517 F.Supp.2d 1156, 1162 (C.D. Cal. 2007) (citing *Monell*, 436 U.S. at 694). This type of claim can be asserted on three different bases. First, a public entity may be held liable when "implementation of its official policies or established customs inflicts the constitutional injury." *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010) (quoting *Monell*, 436 U.S. at 708 (Powell, J., concurring)). Second, such liability may arise when a failure to act amounts to "deliberate indifference to a constitutional right." *Id.* (internal quotation marks omitted). Third, this type of liability may arise when "an official with final policy-making authority . . . ratifie[s] a subordinate's unconstitutional decision or action and the basis for it." *Id.* (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992)).

Relying on any of the three theories, a plaintiff must provide "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Plaintiff has failed to do so.

First, as the department points out, "[t]he Complaint invokes 'official policies' but never says what they are" and "does not identify any policy statement, ordinance, regulation, or adopted decision." *See* ECF No. 13-1 at 5. Similarly, the complaint does not identify any longstanding custom or practice. Second, while the complaint alleges a "failure in training, supervision, investigation, and discipline" amounting to indeliberate indifference, plaintiff provides no factual details. *See* ECF No. 1 at 8. As the department notes, the complaint "does not describe the Sheriff's Department's training program or identify any respect in which that program is deficient," does not provide "what supervision, investigation, or discipline was lacking," and fails to allege "similar violations that could have put the Sherrif's Department on notice that its

practices were producing unconstitutional detentions, arrests, or vehicle seizures." *See* ECF No. 13-1 at 7. Lastly, plaintiff does not plead that an official ratified an unconstitutional decision.

Plaintiff argues that the two proffered bases are adequately pleaded, *see* ECF No. 21 at 10-11, but he does not address that he has largely alleged legal conclusions and thereby failed to provide "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *See AE ex rel. Hernandez*, 666 F.3d at 637. As such, the complaint must be dismissed as to the department.

Accordingly, the department's motion to dismiss, ECF No. 13, is granted. As stated above, the court finds leave to amend appropriate because plaintiff proceeds pro se and has not been previously put on notice of any pleading deficiency.

**Conclusion**

Accordingly, it is hereby ORDERED that:

1. Corsaletti's motion to dismiss, ECF No. 10, is GRANTED.
2. Johnson's motion to dismiss, ECF No. 11, is GRANTED.
3. Ruiz's motion to dismiss, ECF No. 12, is GRANTED.
4. The department's motion to dismiss, ECF No. 13, is GRANTED.
5. The complaint, ECF No. 1, is DISMISSED with leave to amend.
6. Plaintiff may file an amended complaint within twenty-one days. Failure to do so will result in a recommendation that this action be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: October 14, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE